1IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK YOUNG, <u>PRO</u> <u>SE</u>, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| FREDERICK K. FRANK, ET AL., | : | |
| Respondents | : | NO. 04-2721 |

Gene E.K. Pratter, J.         Memorandum and Order         August 19, 2005

<u>Pro</u> <u>se</u> Petitioner Mark Young moves the Court to modify its judgment in dismissing his previously filed petitions for a Writ of Habeas Corpus and for a hearing on the matter. For the reasons discussed below, the Motion and request for a hearing are each denied.

**FACTS AND PROCEDURAL HISTORY**

After a jury trial in the Court of Common Pleas of Philadelphia County, Petitioner Mark Young was convicted of murder in the second degree, robbery and criminal conspiracy on October 6, 1975. <u>Commonwealth v. Young</u>, No. 1846-1850 (Pa. Ct. Comm. Pleas Nov. 1974), Opinion and Order re Amended Petition for Relief Pursuant to the Post Conviction Relief Act ("Amended PCRA Opinion"). The trial resulting in Petitioner's conviction was his second trial with respect to these charges, the first jury having been dismissed after it was unable to reach a verdict. <u>Id</u>. Petitioner was subsequently sentenced to a term of life imprisonment for the second degree murder conviction, 5 to 20 years on the robbery conviction and 5 to 10 years on the criminal conspiracy conviction. <u>Id</u>. The sentences for the robbery and criminal conspiracy convictions were to be served concurrently with the sentence of life imprisonment. <u>Id</u>. Petitioner's judgment of sentence was affirmed by the Pennsylvania Supreme Court on March 16, 1979 and petition for reargument of the matter was

denied on April 16, 1979.

Petitioner subsequently filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania, in which he argued that the trial court committed reversible error by (1) refusing to allow into evidence a photo-array which had included Petitioner's photo and was used to demonstrate that an eyewitness to the crime identified Petitioner; (2) refusing to allow testimony by Petitioner that Petitioner had, 29 months prior to his arrest in this case, allegedly been beaten by Philadelphia police officers, thereby instilling fear in him which prompted his confessing to this crime upon his arrest; (3) refusing to declare a mistrial after members of the jury encountered Petitioner in shackles in the courthouse hallway; and (4) violating Petitioner's right to due process of the law by excluding the photo-array.  Petitioner's Amended Application for Habeas Corpus at ¶ 11(a).  This petition was denied without prejudice on March 3, 1980, and the Court of Appeals for the Third Circuit denied Petitioner's request for review on June 9, 1980.  Id.

Nearly nine years later, Petitioner again filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania.  Petitioner's Amended Application for Habeas Corpus at ¶ 11(b).  Petitioner raised the same grounds in this petition as he had in the prior one, and the petition was denied on November 6, 1989.  Id.  The Court of Appeals for the Third Circuit denied the Petitioner's appeal of the ruling on May 9, 1990.  Id.

On November 30, 1992, Edward A. McQuoid, Esquire filed a counseled application under the Pennsylvania Post-Conviction Relief Act ("PCRA") on behalf of Petitioner.  Amended PCRA Opinion at ¶ 4.  When Mr. McQuoid passed away in November 1993, David Belmont, Esquire, was appointed to represent Petitioner in his state post-conviction relief matter.  Id.  Mr. Belmont filed an Amended PCRA Petition on behalf of Petitioner, in which Petitioner set forth several arguments,

including a "layered ineffective assistance of counsel for failure to raise trial counsel's ineffectiveness for failing to procure and to present case law supporting appellant's right to cross examine the eyewitness with the photo-array," abuse of discretion by the trial judge by denying Petitioner the right to testify as to his state of mind at the time of his confession to the crime, and that the denial of trial transcripts foreclosed Petitioner's ability to adequately identify errors made at trial.  Amended Application for Habeas Corpus at ¶ 11(c).  This petition was denied without an evidentiary hearing on April 10, 1997, on the grounds that all issues presented by Petitioner had been previously litigated on Petitioner's direct appeal to the Pennsylvania Supreme Court, which had upheld Petitioner's conviction.[1]  An appeal to the Pennsylvania Superior Court with respect to the Amended PCRA Petition was denied on June 30, 1998.

Following his unsuccessful attempt for relief under the PCRA, on or about June 23, 2000, Petitioner filed another petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania.  The grounds for this petition were that (1) Petitioner's conviction was obtained through a coerced confession; (2) the conviction was obtained in violation of due process of the law; (3) the conviction was obtained by a violation of the protections against double jeopardy; (4) Petitioner had ineffective assistance of counsel at the post conviction stage; (5) Petitioner was prejudiced due to absence of trial transcripts; and (6) Petitioner was actually innocent.  On November 16, 2000, this petition was denied without prejudice to seek authorization to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  Young v. Frank, No. 00-3225, slip op. at 1 (E.D. Pa. Nov. 16, 2000).  The Court of Appeals for the Third Circuit denied the

---

[1] The PCRA court noted that one of the bases presented by Petitioner, the fact that notes of testimony for Petitioner's trial had been misplaced, had not been previously litigated. However, the court denied any relief on these grounds because the allegations were "abstract" and "presented in a vacuum" without any factual or legal basis.  Amended PCRA Opinion at 8.

Petitioner's subsequent request for authorization to file a successive petition on March 14, 2001.

Undeterred by the Third Circuit's refusal, Petitioner filed another Petition for a writ of habeas corpus on or about June 21, 2004.  The grounds for this petition include (1) violation of Petitioner's due process rights under the Fourteenth Amendment by a failure to adhere to the law of the case doctrine, in that the photo-array excluded from Petitioner's jury trial had been admitted as evidence in his first trial (in which no verdict was rendered); (2) ineffective assistance of counsel with respect to Petitioner's PCRA and Amended PCRA petitions; (3) hindrance of the ability to appeal due to absence of transcripts from the Court of Common Pleas; (4) failure of trial counsel to suppress an inculpatory statement at trial; (5) violation of Petitioner's constitutional rights due to "double jeopardy," in that the jury in the first trial was unable to render a verdict and was dismissed; and (6) actual innocence.[2]  On August 23, 2004, before the Court had rendered a decision with Petitioner's most recent petition for habeas relief, Petitioner moved to withdraw the Petition, and on October 20, 2004 an Order dismissing the action without prejudice was entered and the case was closed.

On October 27, 2004, Petitioner filed the present Motion to File an Independent Action grounded on Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6).  In his Motion, Petitioner seeks to modify the Court's judgments dated March 3, 1980 and November 6, 1989, each of which

---

[2] Confusingly, Petitioner argues that his contention of actual innocence arises from the premature dismissal of the jury in his first trial, which had seen the photo-array including his photo, accompanied by the purported violation of the law of the case doctrine in that the photo-array was deemed non-admissible at Petitioner's second trial.  Petitioner asserts that the equally divided Pennsylvania Supreme Court which affirmed his conviction in Commonwealth v. Young, 399 A.2d 372 (Pa. 1979) would have found in his favor with respect to the exclusion of the photo-array had the law of the case issue been properly presented.

dismissed Petitioner's request for a writ of habeas corpus,[3] specifically arguing that a "fraud upon the court has subverted the integrity of the court." Motion to File Independent Action at 1.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) provides a vehicle through which, under certain circumstances, a party can seek relief from a final judgment. Rule 60(b)(3) provides that such relief may be requested where "fraud, misrepresentation, or other misconduct of an adverse party" has occurred. FED. R. CIV. P. 60(b)(3). Rule 60(b)(6) allows for such relief for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).[4] These rules apply to habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States" or "the Rules Governing Section 2254 Cases." FED. R. CIV. P. 81(a)(2). Thus, the Court must consider the extent to which the federal statutes and rules governing habeas proceedings limit the application of Rule 60(b), and must specifically consider whether the Antiterrorism and Effective Death Penalty Act (the "AEDPA") serves to limit the application of Rule 60(b) here.

Where a motion for relief under Rule 60(b) sets forth what would constitute a "claim" for habeas relief under 28 U.S.C. § 2244, such a motion, despite its title, must be considered to be a successive petition for relief, which would require authorization of the circuit court of appeals. Gonzalez v. Crosby, 125 S. Ct. 2641, 2647 (U.S. 2005). Examples of "claims" set forth as Rule

---

[3] Petitioner does not appear to seek modification of the Court's November 16, 2000 Order denying his request, and appears to ignore the fact that the Court of Appeals for the Third Circuit denied his request for authorization to file a successive petition.

[4] While motions grounded on Rule 60(b)(3) must be filed within one year after an order is entered, a motion grounded on Rule 60(b)(6) must be made within a "reasonable time". FED. R. CIV. P. 60(b).

60(b) motions include submissions seeking relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim, or a request for leave to present newly discovered evidence. Gonzalez, 125 S. Ct. at 2647 (citations omitted). Where, however, a movant attacks a defect in the integrity of the federal habeas proceedings, rather than the substantive resolution of a claim, there is no basis to treat the motion as a subsequent habeas petition. Id. at 2648. Fraud on a federal habeas court is an example of such a defect. Id. at n.5.

In this case, the bases of Petitioner's argument that the findings of the federal habeas court were corrupted by fraud all arise from actions taken by Judge Geisz, the state court judge who presided over Petitioner's second criminal trial which resulted in his conviction. Petitioner asserts that Judge Geisz, allegedly in violation of the law of the case doctrine, refused to allow into evidence the photo-array which was used during a pre-trial identification of Petitioner and was admitted as evidence at Petitioner's first criminal trial. This refusal, Petitioner argues, effected a fraud on all subsequent courts reviewing Petitioner's case, including the federal habeas courts.

After reviewing not only Petitioner's motion, but also the bases of his prior petitions for habeas relief, the Court disagrees with Petitioner that the exclusion of this evidence amounts to a fraud on the federal habeas courts. Rather, Petitioner essentially re-argues his claim with respect to the exclusion of the display of photographs at his criminal trial. For example, Petitioner argues that the trial court fraudulently concealed material evidence, which it was "bound by law to keep as material facts during the trial." Motion at 5. Petitioner specifically argues that the root of the fraud lies in the fact that the trial court was bound to admit this evidence by the "law of the case doctrine"[5]

---

[5] The law of the case doctrine "embodies the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." Commonwealth v. Starr, 664 A.2d 1326, 1331 (Pa. 1995). There are several related rules which make up this doctrine, including (1)

and that by refusing to allow the admission of evidence that had been admitted at Petitioner's initial criminal trial, the second trial court erred in such a way as to subvert the integrity of the federal habeas process.

What Petitioner fails to acknowledge, however, is that during Petitioner's direct appeal of his conviction, the Pennsylvania Supreme Court addressed and ruled on the issue as to whether the photographic evidence was properly admitted, and affirmed Petitioner's conviction with full knowledge of the ruling by the second trial court. Commonwealth v. Young, 399 A.2d 372, 373 (Pa. 1974). Thus, there was no fraud effected upon that or any other of the courts addressing

---

the coordinate jurisdiction rule, in which judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions; (2) that upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (3) that upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (4) that upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court. Id. The purpose of the law of the case doctrine is to serve judicial economy, protect settled expectations of the parties, insure uniformity of decisions, maintain consistency during the course of a single case, effectuate the proper and streamlined administration of justice, and bring finality to litigation. Id. For example, the law of the case doctrine would preclude a trial judge from reversing on the same record at trial a decision made at a pretrial hearing with respect to the suppression of evidence. Id. at 1332.

As a general rule under Pennsylvania law, the proceedings with respect to reprosecution of a case "revert to pretrial status as though the original trial had never occurred." Commonwealth v. Mulholland, 702 A.2d 1027, 1035-36 (Pa. 1997). Only rulings relating to legal questions determinative of the law of the case, as set forth above, should not be reopened. Id. at 1036. The Court observes that questions concerning the admission or exclusion of evidence at trial are within the sound discretion of the trial judge, see Micciche v. Eastern Elevator Co., 645 A.2d 278, 280 (Pa. Super. Ct. 1994), and an earlier evidentiary ruling does not automatically bind another court that conducts a trial de novo of the same matter. In re De Facto Condemnation, 845 A.2d 967, 976 (Pa. Commw. Ct. 2004). Thus, Petitioner's theory with respect to the applicability of the law of the case doctrine to the admissibility of the photo array is, at best, questionable. This issue need not be decided, however, because the Pennsylvania Supreme Court considered the second trial court's decision not to admit the photo array and Petitioner's conviction was upheld. See Commonwealth v. Young, 399 A.2d 372 (Pa. 1979).

7

Petitioner's collateral appeals. More importantly, at its bottom, Petitioner's argument is a reiteration of his disagreement with the second trial court's ruling, thereby constituting a "claim" for purposes of the AEDPA, rendering the present Motion nothing more than a successive habeas petition. Because Petitioner has not been authorized by the Court of Appeals for the Third Circuit to file a successive petition, the Motion will be denied. An appropriate Order follows.

/S/_____
Gene E.K. Pratter
United States District Judge

August 19, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK YOUNG, PRO SE,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| **FREDERICK K. FRANK, ET AL.,** | : | |
| Respondents | : | **NO. 04-2721** |

**O R D E R**

AND NOW, this 19th day of August, 2005, upon consideration of Petitioner's Motion to File Independent Action Pursuant to Federal Rule of Civil Procedure 60(b)(3)(6) Seeking to Modify the Court's Judgment When Fraud Has Subverted the Integrity of the Court (Docket No. 8) and the Petition for Hearing filed by Petitioner (Docket No. 9), it is **ORDERED** that the Motion is **DENIED** and, as such, no hearing in this matter will be scheduled.

BY THE COURT:

/S/_____
GENE E.K. PRATTER
United States District Judge